[Crim. No. 3272.   Third Dist.   Feb. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. FRED THOMAS DAVEY, Defendant and Appellant.

L. Miles Snyder, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

PIERCE, J.—This is an appeal from a judgment entered upon a jury's verdict which found appellant guilty of fraudulently issuing a bad check in violation of Penal Code section 476a.  Defendant was charged with and admitted conviction of a prior offense, to wit: violation of Penal Code section 470 (forgery).

Appellant requested counsel on appeal.  This court appointed L. Miles Snyder, Esq., as counsel.  He has advised the court that in his opinion there are no meritorious grounds for appeal.  Appellant has filed no brief on his own behalf after notice that he could do so if he so desired.  We have made an independent review of the record and find no error.

Appellant opened a commercial account in a Sacramento bank, making an initial deposit of 27 dollars. On the same or the following day he drew a check for 50 dollars against the account and cashed it in El Dorado County. The check was dishonored for lack of sufficient funds. Appellant testified that at the time he drew the check he believed his employer had deposited into his account, as payment of compensation earned, a sum in excess of the amount of the check. A fellow employee, testifying on defendant's behalf, partially corroborated defendant's testimony of the conversation between defendant and his employer at which the arrangement for such deposit is stated to have occurred. The testimony of defendant and said witness did not accord in all respects. The alleged agreement by the employer's manager, according to defendant's witness, had not been unequivocal, but contingent upon a determination by the Berkeley office of an amount due defendant. In fact, the testimony of both witnesses was quite vague as to just what amounts would be paid, or when, or what the arrangements were for deposit. The manager was not called as a witness. Defendant, testifying on his own behalf, admitted he didn't "know for sure" that the money had been deposited when he cashed the questioned check. There was ample evidence in the record from which the jury could have concluded beyond reasonable doubt either that the claimed conversation was a fiction or that it included no commitment justifying a belief that funds would be deposited and that the check was cashed with criminal intent. The evidence supports the verdict and there were no errors of law.

The judgment is affirmed.

Peek, P. J., and Schottky, J., concurred.